

KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARREN SCHURGER, MICHAEL BLAKE, and all others similarly situated, | Case No.: |
| | COMPLAINT – CLASS ACTION |
| Plaintiffs, | JURY DEMANDED |
| vs. | |
| CAVALRY PORTFOLIO SERVICES, LLC, a Delaware corporation, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs bring this class action Complaint, by and through their undersigned counsel, against Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant" or "Cavalry"), individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

CLASS ACTION COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1   The Court has jurisdiction over this class action under 28 U.S.C. § 2201.

2.2   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1   Plaintiffs bring this class action for damages for Defendants actions of using unfair and unconscionable means to collect a debt.

3.2   Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3   Plaintiffs seek damages, declaratory, and injunctive relief.

## IV.   PARTIES

4.1   Plaintiffs are natural persons and residents of the state of Washington, and are "consumers" as defined by 15 U.S.C § 1692(a)(3).

4.2   Defendant Cavalry is a Delaware corporation engaged in the business of collecting debts in Washington State.

CLASS ACTION COMPLAINT - 2

4.3    Defendant Cavalry is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

4.4    Defendant Cavalry regularly uses the mail, telephone, and facsimile and regularly engages in business with a principal purpose to attempt to collect debts alleged to be due to another.

## V. CLASS ACTION ALLEGATIONS

5.1    Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2    The Class consists of:

(a)    all individuals with addresses in the state of Washington,

(b)    to whom Defendant sent a collection letter in an attempt to collect a debt,

(c)    which offers a payment plan to pay-in-full a time barred debt,

(d)    which fails to notify the consumer that by making partial payment they may be restarting the statute of limitations,

(e)    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

CLASS ACTION COMPLAINT - 3

5.3    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

5.4    Excluded from the Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5    There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form described herein, violate 15 U.S.C §§ 1692e.

5.6    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

5.7    The Plaintiffs will fairly and adequately protect the interests of the Class defined in the Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorney have any interests which might cause them not to vigorously pursue this action.

CLASS ACTION COMPLAINT - 4

1    5.8    This action has been brought, and may properly be maintained, as a

2          class action pursuant to the provisions of Rule 23 of the Federal Rules

3          of Civil Procedure, because there is a well-defined community interest

4          in the litigation:

5          (a)    **Numerosity:** Plaintiffs are informed and believe, and on that

6                  basis, allege that the Class defined above is so numerous that

7                  joinder of all members would be impractical.

8          (b)    **Common Questions Predominate:** Common questions of law

9                  and fact exist as to all members of the Class and those questions

10                 predominate over any questions or issues involving only

11                 individual class members. The principal issue is whether the

12                 Defendant's written communications to consumers, in the form

13                 described herein, violate 15 U.S.C §§ 1692e.

14         (c)    **Typicality:** Plaintiffs' claims are typical of the claims of the

15                 class members. Plaintiffs and all members of the Plaintiff Class

16                 have claims arising out of the Defendant's common uniform

17                 course of conduct complained of herein.

18         (d)    **Adequacy:** Plaintiffs will fairly and adequately protect the

19                 interests of the class members insofar as Plaintiffs have no

20   CLASS ACTION COMPLAINT - 5

21

interests that are averse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

5.9     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

CLASS ACTION COMPLAINT - 6

5.10   Depending on the outcome of further investigation and discovery, Plaintiffs' may at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.    PLAINTIFF SCHURGER'S ALLEGATIONS OF FACT

6.1   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above, herein, with the same force and effect as if the same were set forth at length herein.

6.2   Some time prior to 2009, an obligation was allegedly incurred to HSBC Bank Nevada N.A./FURNITURE ROW.

6.3   The HSBC Bank Nevada obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

6.4   The alleged HSBC Bank Nevada obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

6.5   HSBC Bank Nevada is a "creditor" as defined by 15 U.S.C. § 1692a(4).

6.6   In or about May 2017, Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt.

6.7   The letter was sent or caused to be sent by persons employed by Defendant.

CLASS ACTION COMPLAINT - 7

6.8    The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

6.9    Pursuant to RCW 4.16.040, the statute of limitations is six (6) years for filing suit to collect on a debt.

6.10   As of May 2017, more than eight (8) years had elapsed since the last payment or activity on the HSBC Bank Nevada debt subject to the letter.

6.11   The May 2017 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

6.12   The Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may restart the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

6.13   The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which would otherwise have been barred.

6.14   The Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plants in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the **first** monthly payment.

CLASS ACTION COMPLAINT - 8

6.15    The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plants in payment of the entire debt, informing the consumer that he or she will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

6.16    The Federal Trade Commission has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations…. when a collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (See http://www.ftc.gov/opa/2012/01/asset.shtm)

6.17    In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the Unites States, requiring it to disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commison) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

CLASS ACTION COMPLAINT - 9

6.18   On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement…." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

6.19   The Seventh Circuit recently found as to the defendant that

> First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. **Either is sufficient reason to affirm summary judgment for the plaintiff.**

*Pantoja v. Portfolio Recovery Associates,* Case No. 15-1567 (7th Cir. March 29, 2017) (*emphasis added*).

CLASS ACTION COMPLAINT - 10

6.20   Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## VII.   PLAINTIFF BLAKE'S ALLEGATIONS OF FACT

7.1   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2   On or around October 18, 2010, an obligation was allegedly incurred to HSBC Bank Nevada N.A. \ Orchard Bank.

7.3   The HSBC Bank Nevada obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

7.4   The alleged HSBC Bank Nevada obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

7.5   HSBC Bank Nevada is a "creditor" as defined by 15 U.S.C. § 1692a(4).

7.6   In or about January 2017, Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt.

7.7   The letter was sent or caused to be sent by persons employed by Defendant.

CLASS ACTION COMPLAINT - 11

7.8   The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

7.9   Pursuant to RCW 4.16.040, the statute of limitations is six (6) years for filing suit to collect on a debt.

7.10  As of January 2017, nearly seven (7) years had elapsed since the last payment of activity on the HSBC Bank Nevada debt subject to the letter.

7.11  The January 2017 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

7.12  Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may restart the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

7.13  Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which would otherwise have been barred.

7.14  Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plants in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the **first** monthly payment.

CLASS ACTION COMPLAINT - 12

7.15    Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plants in payment of the entire debt, informing the consumer that he or he will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

7.16    The Federal Trade Commission has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations…. when a collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm)

7.17    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

CLASS ACTION COMPLAINT - 13

## VIII.  FIRST CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

8.1     Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

8.2     Defendant's debt collection efforts attempted and/or directed towards Plaintiffs violated section 15 U.S.C. § 1692e of the FDCPA.

8.3     Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

8.4     The Defendant violated said provision by falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A); Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C §1692e(10).

8.5      By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated §1692e *et seq.* of the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

CLASS ACTION COMPLAINT - 14

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

9.1     Declaring that this action is properly maintainable as a Class action and certifying Plaintiffs as Class representatives and Kirk D. Miller as Class Counsel;

9.2     Awarding Plaintiffs and the Class statutory damages;

9.3     Awarding Plaintiffs and the Class actual damages;

9.4     Awarding Plaintiffs costs of this Action, including reasonable attorney's fees and expenses;

9.5     Awarding pre-judgment interest and post-judgment interest; and

9.6     Awarding Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

DATED this 23rd day of January, 2018.


*Kirk D. Miller P.S.*


/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 15